## SUPREME COURT.

CHARLES S. SLAWSON and others agt. ROBERT R. CONKEY.

Where the plaintiffs, on a sale of a bill of goods on a credit of six months, claimed that the sale was *conditional*—that the title, although the goods were received by defendant, did not pass from them in consequence of the condition not having been complied with; and alleged that the defendant had *wrongfully converted* said goods to his own use, and claimed damages (the amount of the goods) by reason thereof; and the answer of the defendant admitted the purchase, amount, and receipt of the goods, but denied the conditional purchase, and the conversion of plaintiffs' goods to his own use.

*Held*, that a *provisional order* obtained by plaintiff under § 244, *sub.* 5, directing the defendant to pay and satisfy the amount of plaintiffs' claim, admitted in the answer to be due, was not evidence in the cause, and was improvidently granted. Because, 1st. It is applicable only where the defendant's answer admits *part* of the plaintiffs' claim—when the whole is admitted there should be *judgment;* and,

2d. The defendant denied the trover and conversion, and the whole claim on that ground, but admitted the facts of the purchase, &c , to show that the property was not in the plaintiffs, but belonged to him.

The difficulty was; (there being no evidence of wrongful conversion,) that there was an effort of the plaintiffs to convert a simple contract claim into a fraud, so that they could extort payment from the defendant or his friends by obtaining the power to imprison him. Against such attempts the courts should be watchful.

The complaint alleges that on or about the 21st of May, 1851, the defendant purchased of the plaintiffs dry goods, &c., of the value of $678.54. That the said dry goods were purchased by the defendant upon the *express condition* that he should pay therefor by giving to the plaintiffs his promissory note, payable six months from the date of said purchase, endorsed by Augustus Conkey, brother of the said defendant, or by some other responsible person, to the satisfaction of the plaintiffs; and that the said goods should be immediately shipped by the plaintiffs to the residence of the defendant, with the distinct understanding that upon their receipt by the defendant there, the said note should be given to the plaintiffs; *and until said note, so indorsed, was so given, the title and property in said goods should be and remain in the plaintiffs.*

That, in accordance with the agreement, the goods were sent, and were received by the defendant. Plaintiff demanded the note so endorsed; defendant neglected or refused to give it, and still refuses to deliver the notes or to pay for the goods in any other manner.

Defendant has not in any manner paid for said goods, or any part thereof, *but has wrongfully converted* the same to his own use, by selling and disposing of a part thereof, and by assigning the residue thereof for the benefit of creditors, to the damage of the plaintiff of $678.54, for which sum, with interest from the 21st of May, 1851, besides costs, plaintiffs demand judgment.

The answer of the defendant admits the purchase and the amount, and that he has received the goods and has never paid for them. He denies that the title of the goods were to remain in the plaintiffs: denies the statements made by the plaintiffs, tending to show that title of the goods remained in plaintiffs: states facts showing that the goods were the property of the defendant, purchased on a credit of six months: admits he sold his own goods, and denies he converted plaintiffs' goods to his use.

Plaintiffs' reply denies the statements made in defendant's answer.

B. W. BONNEY, *for plaintiffs.*
E. H. OWEN, *for defendant.*

MORRIS, Justice. Reduce these pleadings to their simple legal meaning and effect, and they are as follows, viz.: The plaintiffs charge the defendant with having *wrongfully converted the property of the plaintiffs to the defendant's use.*

The defendant denies the charge.

There is no proof either that the plaintiffs owned the property; or that the defendant wrongfully converted it. To sustain this action both these facts must be established.

The plaintiffs introduced a provisional order in this case, made by the special term on the 27th of March, 1852, under subdivision 5 of section 244 of the Code, "directing the defendant to satisfy and pay to the plaintiffs the amount of $678.54,

Slawson and others agt. Conkey.

with interest from the 21st day of May, 1851, being the amount of the indebtedness admitted in the answer to be due by the defendant to the plaintiffs for the goods mentioned in the plaintiffs' complaint as sold by the plaintiffs to the defendant."

This provisional order was improvidently granted by the special term, because,

1. The provisional order is applicable only where the defendant's answer admits part of the plaintiffs' claim. When the whole claim is admitted, there should be a judgment. This order is for the payment of the whole amount, not merely for a part.

2. This is an action for a tort, for trover, and conversion; and the claim in it is for damages for such trover and conversion. The answer in this case does not admit any part of this claim made for the trover and conversion, but expressly denies the trover and conversion, and all liability in that action—denies the whole claim made in that action. The facts stated in the defendant's answer, admitting he was indebted to the plaintiffs upon a contract, were essential facts to show that the *property* belonged to the defendant and not to the plaintiffs, and therefore were a denial of plaintiffs' claim in that suit instead of an admission. This provisional order is not evidence in this cause.

The whole difficulty in this case originated in an effort of the plaintiffs to convert a simple contract claim into a fraud, so that they could extort payment from the defendant or his friends by obtaining the power to imprison the person of the defendant.

Against such fraudulent attempts to violate the humane and just principles of the nonimprisonment act courts should be watchful.

In this case had the plaintiffs instituted their suit upon the contract, they could have taken their judgment upon the coming in of defendant's answer, on the 10th of October, 1851.

A judgment in favor of the plaintiffs, upon this record, would authorize the imprisonment of the defendant.

There should be judgment for the defendant, dismissing the complaint with costs.